E-FILED
Tuesday, 12 December, 2006  11:08:15 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DAVID P. SPENGLER,                    )
                                      )
            Plaintiff,                )
                                      )
vs.                                   )        No. 06-3085
                                      )
MEADOWBROOK MEAT COMPANY,             )
INC., d/b/a MBM CORPORATION,          )
                                      )
            Defendant.                )

## OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Plaintiff's motion to strike portions of the Defendant's first amended answer, defenses and counterclaims [d/e 19] and the Plaintiff's motion to dismiss the Defendant/Counter-Plaintiff's first counterclaim in its first amended answer [d/e 21].

I.

On May 3, 2006, Plaintiff David Spengler filed a complaint asserting

1

that Defendant Meadowbrook Meat Company ("MBM") refused to recall him to active service as a truck driver because he exercised his Illinois Worker's Compensation rights. MBM subsequently filed a first answer, affirmative defenses and a two-count counterclaim against Spengler. Spengler has moved to strike portions of MBM's pleadings on the basis they are legally insufficient. He has also filed a motion to dismiss MBM's first counterclaim.

A court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." See Fed. R. Civ. P. 12(f). Some courts have observed that motions to strike are sometimes disfavored because they are often employed to create delay. See United States v. 416.81 Acres of Land, 514 F.2d 627, 631 (7th Cir. 1975), Van Schouwen v. Connaught Corp., 782 F. Supp. 1240, 1245 (N.D. Ill. 1991). The Northern District observed:

> Indeed, motions to strike can be nothing other than distractions. If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored. If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record-such as on a motion for summary judgment. Accordingly, courts are typically reluctant to decide disputed or substantial issues of law on a motion to strike.

<u>Schouwen</u>, 782 F. Supp. at 1245.

Spengler states that the primary dispute between the parties concerns whether it is proper for MBM to assert defenses using one sentence conclusory statements. Spengler also notes that there is no distinction between the pleading standards for defenses and complaints. <u>Heller Financial, Inc. v. Midwhey Powder Co., Inc.</u>, 883 F.2d 1286, 1294 (7th Cir. 1989) (noting that affirmative defenses are pleadings and are therefore subject to the pleading requirements of the Federal Rules of Civil Procedure, such as Rule 8(a)'s "short and plain statement" requirement). Spengler further alleges that a plaintiff is not entitled to plead only conclusions. However, the Seventh Circuit has emphasized that a plaintiff is not required to do much more than that. <u>See</u> <u>Doe v. Smith</u>, 429 F.3d 706, 708 (7th Cir. 2005) ("Plaintiffs need not plead facts; they need not plead law; they plead claims for relief.").

Spengler claims that he disagrees with MBM's assertion that the best method of approaching a situation like this is to allow a defendant to plead defenses and then later withdraw them if the defendant determines there are insufficient facts to support the defense. He asserts that if there are insufficient facts known to support a defense, then the defense should not be

3

pleaded.  Citing <u>Venters v. City of Delphi</u>, 123 F.3d 956, 967 (7th Cir. 1997), Spengler notes that an affirmative defense is not subject to waiver if at the time of the answer, a defendant did not know of the facts justifying pleading that affirmative defense.  That case also holds, "Once the availability of an affirmative defense is reasonably apparent, the defendant must alert the parties and the court to his intent to pursue that defense."  <u>Id.</u>  Thus, it is clearly better for a defendant to assert a defense as soon as it appears possible that it might be relevant.  Otherwise, the defendant may forfeit that right.

## II.

## (A)

Spengler contends that several portions of MBM's pleadings should be stricken because they are legally insufficient.  He alleges that MBM's answer wherein it asks for attorney's fees should be stricken because it is only seeking such fees in the event that they become available pursuant to Federal Rule of Civil Procedure 11.

Regarding MBM's defenses, the Plaintiff notes that its first defense states: "[to] the extent that Plaintiff's claims involve transactions or events or seeks damages for periods of time outside the applicable statutory limitations

4

periods, plaintiff's claims are barred."  Spengler asserts this defense should be stricken because MBM does not currently have a good faith basis to believe the claim is outside the statute of limitations.

Spengler notes that MBM's second defense states, "Defendant engaged in no unlawful employment practices or any other discriminatory employment actions."  Spengler asserts the statement does not provide the grounds for which the defense rests and should be stricken.

MBM's third defense states, "Plaintiff's claims may be barred by the doctrines of estoppel, waiver, or unclean hands."  Once again, Spengler claims that the statement does not provide the grounds for which the defense rests and should be stricken.  He further asserts that it is improper to plead that a claim "may" be barred.  If MBM has a good faith basis to believe a defense is supported by the facts, it should plead it.

Spengler notes that MBM's fourth defense states, "Plaintiff's claims may be barred in whole or in part by the exclusivity of remedy doctrine under the Illinois Worker's Compensation Act."  He makes the same objection noted in the previous paragraph.

MBM's fifth defense states, "Defendant may not properly be held liable

5

for any alleged injuries or damages resulting from the effects of Plaintiff's preexisting emotional, psychological, and/or physical conditions." Because the defense does not provide the grounds for which it rests, Spengler claims the defense should be stricken.

MBM's sixth defense states, "Any recovery may be barred in whole or in part by after acquired evidence." Spengler again asserts that because the grounds on which the defense rests are not provided, the defense should be stricken.

MBM's ninth defense states, "To the extent Plaintiff seeks compensatory damages for pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other similar compensatory damages, the Complaint fails to allege sufficient facts to allow recovery of such compensatory damages against Defendant." Spengler asks that this defense be stricken on the basis that he has adequately pleaded compensatory damages. He contends he has done more than enough to comply with the requirements of Rule 8(a)(3), which only requires that such relief be demanded.

MBM's tenth defense states, "To the extent Plaintiff seeks punitive

damages, such damages are barred because the alleged acts or omissions of Defendant fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious or reckless intent to deny Plaintiff his protected rights, and are not so wanton or willful as to support an award of punitive damages.  Plaintiff has failed to state a claim for punitive damages under any law."  Spengler claims that MBM's tenth defense should be stricken because it is deficient both legally and factually; moreover, it is not an affirmative defense.  He contends that the complaint clearly alleges enough facts to support punitive damages.

MBM's eleventh defense states, "Any award of punitive damages to Plaintiff will violate the substantive and procedural safeguards guaranteed to Defendants by the United States and Illinois Constitutions; a punitive award is therefore barred."  Spengler alleges that MBM's eleventh defense is improper and should be stricken; moreover, it is not an affirmative defense. Illinois law allows for punitive damages in worker's compensation retaliatory discharge cases when a plaintiff proves sufficient willfulness.  Spengler also claims there is nothing in the United States Constitution that acts as a bar

against punitive damages in Illinois tort actions.[1]

Based on the foregoing, Spengler requests that the Court strike the part of MBM's answer asking for attorney's fees, Defenses 1-6, 9-11, paragraphs 8, 10, 11, 15, and 23 of MBM's second counterclaim, and that the prayer for relief in Count II of the counterclaim asking for attorney's fees be stricken.

(B)

As a general response to Spengler's motion, MBM states that in compliance with Rule 8, it has made certain denials and raised certain defenses and affirmative defenses as they relate to the underlying claim and damages that Plaintiff seeks.   Moreover, it has also asserted compulsory counterclaims that set out facts relevant to the situation at hand.   MBM states the defenses are not intended to clutter the record.  They are intended to preserve its right to raise them because MBM states it believes there is and/or will likely be evidentiary support for them during discovery.   The defenses also serve to alert Spengler so as to avoid surprise or a claim that he

---

[1]Although there may be no language in the text of the Constitution addressing the punitive damages, the United States Supreme Court has determined that an award of punitive damages can violate the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.  See e.g. State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003)

8

did not have the opportunity to pursue certain discovery because of a lack of notice on claims or defenses.  MBM states that if it determines there are insufficient facts to warrant a particular defense, it will withdraw those defenses.  Alternatively, it would request leave of court to supplement or otherwise amend its defenses.

(C)

Spengler's motion will be denied.  The Court notes that it is not uncommon at this early stage of litigation for defendants to raise certain defenses which ultimately will not be supported by the record.  It is almost routine for defendants to include standard, boilerplate language in their answers as a means of preserving their right to deny an allegation or raise a defense or affirmative defense.  In many cases, these defenses are never subsequently asserted.  There is usually no need for a court to get involved primarily because the plaintiff typically is not prejudiced in any significant way.  The federal district courts would be significantly burdened if they got involved every time there was a dispute regarding the factual basis of a defense or affirmative defense.

As MBM contends, moreover, the sufficiency of a defense can be better

9

tested with a more thorough record–such as on a motion for summary judgment.  It is important to emphasize that the burden on a plaintiff at the pleading stage is extraordinarily light.  See Doe, 429 F.3d at 708 ("Any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?").  It would be unfair, therefore, to require a defendant to articulate detailed factual accounts of the reasons for their defenses and affirmative defenses when a plaintiff is required to allege so little at the same stage of the litigation.

Based on the foregoing, the Court will deny the Plaintiff's motion to strike portions of MBM's first amended answer, defenses, and counterclaims. It is simply too early in the litigation to know whether these denials and defenses are appropriate.  Spengler is not prejudiced by the applicable portions of MBM's pleadings.  Moreover, there is nothing which precludes him from raising the issue following discovery if appropriate.

### III.

Spengler notes that in Count I of the counterclaim, MBM alleges that he committed negligent misrepresentation.  In Count II, MBM alleges fraud.

10

In its answer to the complaint, MBM admits that on December 20, 2005, the Illinois Industrial Commission approved a Settlement between the parties in Case No. 2005 WC 25432.

Spengler claims that in both counts of the counterclaim, MBM seeks recovery of the amount it paid to him in the Settlement of Case No. 2005 WC 25432.  He alleges that the relevant portion of the Illinois Workers' Compensation Statute provides, "The decision of the Commission acting within its powers, according to the provisions of paragraph (e) of this Section, shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided." 820 ILCS 305/19(f).  Section 19(f) goes on to state that a request for review must commence within twenty days of the decision.   "An unappealed and, therefore, conclusive decision of an administrative agency becomes *res judicata* with respect to a later filed claim based on the same cause of action." Riverdale Industries, Inc. v. Malloy, 307 Ill. App.3d 183, 185, 717 N.E.2d 846 (1st Dist. 1999) (citing Hughey v. Industrial Commission, 76 Ill.2d 577, 580, 394 N.E.2d 1164 (1979)).

Spengler asserts that because the counterclaim was not filed until June 20, 2006, MBM did not comply with the time requirements of 820 ILCS

11

305/19(f).  He contends, therefore, that the judgment in 2005 WC 25432 is a final judgment that is conclusive "in the absence of fraud."  820 ILCS 305/19(f).

MBM acknowledges Illinois law provides that a decision of the Illinois Worker's Compensation Commission is conclusive in the absence of fraud. It maintains, however, that its claims are based in part on events that occurred after the Commission approved the settlement.  MBM alleges that a motion to dismiss before it can determine what occurred both before and after the settlement is premature.  The Defendant further asserts it has pleaded enough disputed facts that Spengler's actions both before and immediately after cashing the settlement monies satisfy the elements of both counterclaims.

Given that Count I of MBM's counterclaim alleges only that Spengler acted carelessly and negligently–and not fraudulently–it appears he is correct in arguing that Count I is foreclosed by the language of Section 19(f), which provides that the decision of the Commission is "conclusive" in circumstances such as this.  See 820 ILCS 305/19(f).  Although it is therefore likely that any action not asserting fraud is barred, the Court is reluctant to dismiss Count

12

I of MBM's counterclaim at this early stage of the litigation.  This does not preclude Spengler from making the same argument following discovery.

Ergo, the Plaintiff's motion to strike portions of the Defendant's answer, defenses and counterclaims [d/e 19] is DENIED.  The Plaintiff's motion to dismiss the Defendant/Counter-Plaintiff's first counterclaim [d/e 21] is DENIED.

ENTER: December 12, 2006

FOR THE COURT:

s/Richard Mills
United States District Judge